UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | |
|---|---|
| OWEN J. MONDAY, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No.: 3:11-cv-96 |
| ) | (VARLAN/GUYTON) |
| OFFICER SMITH, et al., ) | |
| ) | |
| Defendants. ) | |

**MEMORANDUM**

This is a *pro se* prisoner's civil rights action pursuant to 42 U.S.C. § 1983. The matter is before the Court on the defendants' motion to dismiss. Plaintiff has not filed a response to the motion to dismiss and the Court deems plaintiff to have waived his opposition to the dispositive motion. *Elmore v. Evans*, 449 F. Supp. 2, 3 (E.D. Tenn. 1976), *aff'd mem.*, 577 F.2d 740 (6th Cir. 1978); E.D.TN. LR7.2. For the following reasons, the motion to dismiss [Doc. 13] will be **GRANTED** and this action will be **DISMISSED WITH PREJUDICE**. All other pending motions will be **DENIED** as **MOOT**.

**I.      Standard of Review**

A motion to dismiss tests whether a claim has been adequately stated in the complaint. In considering a motion to dismiss, all well-pleaded allegations in the complaint must be regarded as true and all factual allegations must be construed in favor of the plaintiff. *Scheuer v. Rhodes*, 416 U.S. 232, 236-37 (1974); *Collins v. Nagle*, 892 F.2d 489, 493 (6th Cir. 1989). Nevertheless, "though a complaint must be construed in the light most favorable

to the plaintiff when the defendant files a motion to dismiss, the complaint must still contain 'enough facts to state a claim to relief that is plausible on its face.'" *Brown v. Matauszak*, 415 F. App'x 608, 612 (6th Cir. 2011) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).

> To survive a motion to dismiss, the complaint must allege grounds entitling plaintiff to relief, which requires "more than labels and conclusions [or] a formulaic recitation of the elements of a cause of action." The "[f]actual allegations must be enough to raise a right to relief above the speculative level."

*Casden v. Burns*, 306 F. App'x 966, 973 (6th Cir. 2009) (quoting *Twombly*, 550 U.S. at 555) (footnote omitted). The *Twombly* standard applies to all civil actions filed in the U.S. district courts. *Ashcroft v. Iqbal*, 556 U.S. 662, 129 S. Ct. 1937, 1953 (2009).

## II.     Factual Background

Plaintiff is in the custody of the Tennessee Department of Correction. His complaint concerns the alleged violation of his civil rights during his confinement in the Knox County Detention Center. The defendants are Lt. Bravo, Sgt. Cinnamin, Sgt. Wood, Officer Hensley, and Cpt. Cox.[1]

Plaintiff alleges that on April 25, 2010, as he was leaving the telephone area and going down a stairway, his blurred vision caused him to misstep. He fell forward into the rail head first, while handcuffed, and tumbled down the stairs. He was taken by ambulance to St. Mary's Hospital, where he was treated for an open head wound as well as severe pain in his

---

[1] The Court *sua sponte* dismissed as defendants Officers Smith, Dill, and Culver because plaintiff made no factual allegations whatsoever against them.

2

right shoulder, right hip, right leg, and lower back. He returned to the Knox County Detention Center with a prescription for pain medication. According to plaintiff, he requested his pain medication on numerous occasions, but was refused by the defendants. He also alleges that for weeks prior to the fall, he continually asked the defendants for his eyeglasses without success, despite explaining to them that he cannot see clearly without his glasses. Plaintiff claims that the refusal to give him his glasses was a proximate cause of his fall and resulting injuries.

Plaintiff further alleges that on August 12, 2010, after having had hernia surgery at the University of Tennessee Hospital, defendant Hensley woke plaintiff up and made him get dressed to return to the jail for shift change. Plaintiff claims he was nauseated and began throwing up, and also developed a severe nose bleed. According to plaintiff, defendant Hensley accused him of smacking himself in the face to cause his nose to bleed. A nurse entered with a wheelchair and told defendant Hensley that the bleeding was caused by the tubes that were placed in plaintiff's nose during surgery. Plaintiff alleges that after the nurse left the room, defendant Hensley grabbed plaintiff by the collar and slung him into the wheelchair, causing severe pain. Plaintiff also alleges that upon his return to the Knox County Detention Center, defendant Cox accused plaintiff of having smarted off to defendant Hensley and threatened to bust plaintiff's head if he smarted off to him, and that defendants Cox, Bravo, Cinnamin, and Wood acquiesced in defendant Hensley's conduct after being informed of it.

3

**III. Discussion**

In order to state a claim under 42 U.S.C. § 1983, plaintiff must establish that he was deprived of a federal right by a person acting under color of state law. *Black v. Barberton Citizens Hospital*, 134 F.3d 1265, 1267 (6th Cir. 1998); *O'Brien v. City of Grand Rapids*, 23 F.3d 990, 995 (6th Cir. 1994); *Russo v. City of Cincinnati*, 953 F.2d 1036, 1042 (6th Cir. 1992). *See also Braley v. City of Pontiac*, 906 F.2d 220, 223 (6th Cir. 1990) ("Section 1983 does not itself create any constitutional rights; it creates a right of action for the vindication of constitutional guarantees found elsewhere.").

With respect to his claim that he was not given his eyeglasses prior to his fall on April 25, 2010, and was denied pain medication after his return from the hospital, plaintiff alleges generally that the defendants, without referring to specific defendants, were guilty of this conduct. These general allegations are not sufficient to state a claim upon which relief may be granted under the *Twombly* standard.

With respect to his claim that defendant Hensley used excessive force on August 12, 2010, plaintiff alleges, without going into detail, that he suffered severe pain. He also alleges, again without going into detail, that he was caused additional injury; plaintiff does not state what the additional injury was.

The Eighth Amendment protects prisoners against the imposition of "cruel and unusual punishment." However, "not every intrusion upon a prisoner's bodily integrity will rise to the level of an Eighth Amendment violation." *Parrish v. Johnson*, 800 F.2d 600, 604 (6th Cir. 1986).

4

> That is not to say that every malevolent touch by a prison guard gives rise to a federal cause of action. The Eighth Amendment's prohibition of "cruel and unusual" punishments necessarily excludes from constitutional recognition de minimis uses of physical force, provided that the use of force is not of a sort "repugnant to the conscience of mankind."

*Hudson v. McMillian*, 503 U.S. 1, 9-10 (1992) (quoting *Whitley v. Albers*, 475 U.S. 312, 327 (1986)). Under the *Twombly* standard, plaintiff has failed to state a claim that defendant Hensley's use of physical force was more than de minimis. Plaintiff having failed to state a claim against defendant Hensley, the remaining defendants cannot be held liable for acquiescing in defendant Hensley's conduct.

As for defendant Cox's alleged threat of physical force, allegations of verbal abuse, threats or defamation by a guard to a prisoner, without more, are not cognizable under § 1983. *See Ivey v. Wilson*, 832 F.2d 950, 955 (6th Cir. 1987). In order to state a claim for relief under §1983, there must be an actual infringement of a constitutional right, not merely a threat to do so. *Emmons v. McLaughlin*, 874 F.2d 351, 353 (6th Cir. 1989); *Macko v. Byron*, 760 F.2d 95, 97 (6th Cir. 1985). "[H]arassment and verbal abuse ... do not constitute the type of infliction of pain that the Eighth Amendment prohibits." *Johnson v. Unknown Dellatifa*, 357 F.3d 539, 546 (6th Cir. 2004).

### IV. Conclusion

The defendants' motion to dismiss will be **GRANTED** and this action will be **DISMISSED WITH PREJUDICE**. All other pending motions will be **DENIED** as **MOOT**. The Court will **CERTIFY** that any appeal from this action would not be taken in

5

good faith and would be totally frivolous. *See* Rule 24 of the Federal Rules of Appellate Procedure.

**AN APPROPRIATE ORDER WILL ENTER.**

s/ Thomas A. Varlan
UNITED STATES DISTRICT JUDGE
